IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1998 SESSION



FILED

November 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RAYMOND WRIGHT, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9710-CR-00460 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Douglas A. Meyer, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Robert N. Meeks
P.O. Box 8086
Chattanooga, TN 37414

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Todd R. Kelley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William H. Cox, III
District Attorney General
    and
C. Leland Davis
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The petitioner, Raymond Wright, appeals as of right from the judgment of the Hamilton County Criminal Court denying him post-conviction relief. He was convicted in January 1993 upon his guilty plea to second degree murder, a Class A felony. Pursuant to his plea agreement, he was sentenced as a Range III, standard offender to fifty years confinement to be served in the Department of Correction.[1] He contends that he received the ineffective assistance of counsel resulting in an unknowing and involuntary guilty plea. We disagree.

At the evidentiary hearing, the petitioner testified that his trial attorney never read any indictment to him. He said his attorney never explained the elements of any of the crimes for which he was charged, nor did he explain the elements of second degree murder. He said if he had understood the elements of second degree murder, he would not have pled guilty.

The petitioner testified that his attorney discussed a possible defense of insanity but told him the trial court would not accept a defense of temporary insanity. He said his attorney told him he had to be insane at all times, and the petitioner said he did not want to use insanity as a defense because he was not insane. He said that if he had known that insanity and diminished capacity were available as defenses, he would not have pled guilty. He said that he pled guilty because he thought he would be reindicted for felony murder and the state would seek the death penalty. He also said his attorney and the district attorney told him he would probably be released from jail in ten to twelve years. He said he thought the trial judge may have explained the elements of the offenses to him at the guilty plea hearing, but he was not positive. On

---

[1] The record reflects that the petitioner was originally indicted for premeditated murder and subsequently for felony murder. As part of his plea agreement, the petitioner agreed to plead guilty to second degree murder in exchange for a sentence as a Range III offender, thereby serving forty-five percent of a fifty-year sentence before being eligible for parole.

cross-examination, he admitted that at the guilty plea hearing, he said he had a week to examine the plea agreement.

The petitioner's trial attorney testified that he talked with the petitioner and the petitioner's sister numerous times. He said a psychological evaluation revealed that the petitioner was competent and sane. He said he believed the petitioner understood everything he told him. He said he showed the petitioner the indictment for felony murder and discussed it with him. He said he explained all the elements the state would have to prove to convict the petitioner of premeditated and felony murder. He said the petitioner understood his options, and he accepted the plea agreement almost immediately. He said he told the petitioner to think it over for a week before agreeing to the plea. He said the petitioner readily accepted the plea, and he did not coerce or persuade the petitioner to accept it. He testified that he never told the petitioner that he would probably get out of jail in ten to twelve years.

The trial court denied the petitioner post-conviction relief. It found that the petitioner freely, voluntarily, and knowingly entered his plea of guilty and that his trial attorney's performance was within the range of competence demanded of attorneys in criminal cases.

On appeal, the petitioner challenges his conviction based upon the claim that he received the ineffective assistance of counsel that caused him to enter an unknowing and involuntary guilty plea. In his brief, the petitioner presents two separate claims. First, he argues that his plea was involuntary and unknowing because counsel failed to explain the elements of second degree murder, and second, he argues that counsel was deficient for failing to explain the elements. Because the petitioner's essential claim is that his attorney's deficient performance resulted in an involuntary and unknowing plea, we address his claims together.

3

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989). When a petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

4

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-210(f). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id. We conclude that the petitioner has failed to meet this burden.

The petitioner argues that his trial attorney was deficient because he never explained the elements of second degree murder, thereby resulting in an unknowing and involuntary guilty plea. First, we note that although the petitioner claims he was never instructed on the elements of second degree murder, at the evidentiary hearing his trial attorney was never asked if he explained those elements to the petitioner. Nevertheless, at the guilty plea hearing, the following colloquy took place between the trial court and the petitioner:

> COURT: Now, you've told your attorney all the facts and circumstances surrounding the charge against you?
>
> DEFENDANT: Yes.
>
> COURT: And [your attorney] has counseled with you about those charges, what those charges mean. He's told you what the possible punishment could be. He's discussed with you the possible defenses you might have, including the defense of diminished responsibility.
>
> DEFENDANT: Yes.

5

COURT: Also, has he taken the time to answer your questions that you might have?

DEFENDANT: Yes.

COURT: Has he done everything within reason you've asked of him?

DEFENDANT: Yes, he has.

. . . .

COURT: . . . And you understand that if you plead guilty, it has the same effect as if a jury found you guilty, and that you're not going to have any further hearing in this court or any other court about your guilt?

DEFENDANT: I'm aware of that.

The petitioner has failed to show how the trial court's findings are incorrect. We conclude that the evidence does not preponderate against the trial court's findings that the petitioner knowingly and voluntarily entered his guilty plea pursuant to a plea agreement and that his attorney's performance was not ineffective. In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
David G. Hayes, Judge

6